UNITED STATES of America,
Plaintiff-Appellee,

v.

Earl E. EVANS, Defendant-Appellant.

No. 77–5846
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1978.

Mansour & Thomas, Greenville, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Tom W. Dawson, Alfred E. Moreton, III, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges:

PER CURIAM:

Earl Evans was convicted, under 18 U.S.C. § 2314, of causing the interstate transportation of two checks, which he knew had been stolen, converted, and taken by fraud. On appeal he challenges the jury instructions and the sufficiency of the evidence. We affirm.

There was conflicting testimony, but with all inferences drawn in favor of the

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir., 1970, 431 F.2d 409, Part I.

government there was testimony to support the following summary of the facts. Evans was the interim director for the Mississippi Delta Catfish Corporation, an OEO-sponsored program which hoped to promote catfish farming among low-income farmers in Mississippi. The first stage in the corporation's plan called for the purchase of a large number of one-year-old catfish (called fingerlings). The two checks upon which the indictment was based were written at Evans' direction, ostensibly to purchase fingerlings. One check, for $85,000, was made payable to T. C. Ashmore, a man who worked for Evans but who owned no fish of his own. The other check, for $58,000, was made payable to W. A. Baker, who did own a catfish farm. No fingerlings were ever delivered to the corporation. Instead, the first check was used to pay Evans' existing debt to the Production Credit Association of Pine Bluff Arkansas. The other check was used by Evans to purchase the catfish farm from Baker. Thus, with the inferences drawn in favor of the government, the evidence established that Evans had obtained the checks, and used the proceeds for his own benefit, without the knowledge of the corporation's board of directors. That evidence is sufficient to sustain the jury's verdict of guilty under section 2314.

Evans' challenge to the jury instructions focuses on the definitions of "converted" and "taken by fraud." The trial court told the jury that "converted" meant "to appropriate dishonestly or illegally to one's own use anything of value." "Fraud" was defined as "an intentional misrepresentation concealment, or nondisclosure for the purpose of inducing another, in reliance upon it, to part with something of value or surrender a legal right." Evans contends that under section 2314 "converted" means only illegal takings. So, he argues, the trial court erred when it included the notion of a dishonest taking. Furthermore, he contends that the trial court was mistaken when it failed to instruct the jury that to "take by fraud" required that damage be done to the defrauded party. Here, however, since the corporation received value for its checks there could be no taking by fraud.

The last contention is but a restatement of the challenge to the sufficiency of the evidence. We need not decide whether it is necessary that the government prove that the defrauded property party was deprived of property. Cf. United States v. Benson, 548 F.2d 42 (2d Cir.), cert. denied sub nom. Danise v. United States, 430 U.S. 910, 97 S.Ct. 1185, 51 L.Ed.2d 588 (1977), for here there was sufficient evidence to show that the corporation paid money without receiving fingerlings. The corporation was therefore damaged.

■ Assuming, without deciding, that a proper objection was made by Evans to the court's instructions to the jury (Fed.R. Crim.P. 30), Evans' challenges to those instructions are without merit. As this court said in Lyda v. United States, 279 F.2d 461 (5th Cir. 1960), the language of section 2314 "reflects a congressional purpose to reach all ways by which an owner is wrongfully deprived of the use or benefits of the use of his property." Id. at 464. This court has itself used the term "dishonest" in explaining the scope of the statute. United States v. McClain, 545 F.2d 988, 995 (5th Cir. 1977). Finally, the trial court did instruct the jury that it must find that the corporation had been induced to "part with something of value or surrender a legal right." There was no error in instructing the jury.

AFFIRMED.